UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| BRANDON ROBERTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-11782-LTS |
| JACK L. MARCUS CO., et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER

January 16, 2018

SOROKIN, D.J.

For the reasons stated below, the Court dismisses this action without prejudice.

**I.** **Background**

On September 15, 2017, Brandon Roberts, who is incarcerated at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a "Motion for Temporary Restraining Order for Release from Administrative Segregation for the Return of Personal Property Illegally Seized and to Preserve and Protect Property from Further Damage or Destruction" (ECF No. 1) and a memorandum in support thereof (ECF No. 2). Roberts represents that he is a Massachusetts state prisoner who is serving his sentence in Maryland pursuant to the Interstate Corrections Compact.

Crediting the factual allegations in these documents, the Court summarizes the relevant events. On August 21, 2017, NBCI Correction Officer David W. Ellifritz informed Roberts that he would be placed in administrative segregation. When Roberts asked Officer Ellifritz to call a lieutenant so he could learn why he was being placed in administrative segregation, Officer

Ellifritz refused to do so, "attempted to strip search the plaintiff in a manner and under conditions deemed unreasonable," "became hostile and belligerent towards the plaintiff," and "damage[ed], destroy[ed] and [stole] some of his legal and personal property." Mot. at 2. The following day, Roberts received his property and reported damaged and missing property to prison officials, but it the missing property has not been returned to him.

At an August 23, 2017 hearing, Roberts learned that he was in segregation pending an investigation into a letter that he had written to Jack L. Marcus Company ("Marcus), a retailer in Wisconsin. Roberts had complained to Marcus and the Better Business Bureau that the company had received payment from him, denied receiving the same, and failed to ship Roberts the items he had ordered. The plaintiff had also criticized Marcus for contacting the prison regarding the transaction. Roberts's interactions with Marcus were through a woman named "Betty."

Roberts asks the Court to order that: (1) he be released back into the general population; (2) his legal documents and other personal property be returned to him; (3) the warden or his agents be required to release video surveillance of the plaintiff's interaction with Officer Ellifritz on August 21, 2017; (4) the warden and his agents be restraining from retaliating against Roberts or interfering with his property; and (5) Officer Ellifritz and any other perpetrators be restrained from interfering with the plaintiff's property.

Roberts did not file a complaint with his motion for a temporary restraining order. In the caption of the motion, he identifies "Betty, et al." as defendants. In the body of the motion he refers to "Jack L. Marcus c/o Betty," Officer Ellifritz, and "potential named defendants." Mot. at 1, 2. In his supporting memorandum, he states he "intends to add at least 3-4 Maryland DOC prison officials but cannot proceed with filing the suit until exhaustion requirements are completed." Mem. at 2. He asserts that jurisdiction exists in this Court because "[t]he specified

trade or transaction to[ok] place between the parties extended through three states. Specifically, Massachusetts, Wisconsin & Maryland thereby providing multiple jurisdictions to hear this case." Id. at 3.

## II. Discussion

### A. Absence of a Complaint

As a threshold matter, the Court notes that Roberts has not properly commenced a civil action because he has not filed a complaint. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In adjudicating a motion for a temporary restraining order or a preliminary injunction, a court must evaluate, inter alia, the likelihood of success on the merits of the claims for relief set forth in the complaint. The Court acknowledges Roberts's statement that he could not name prison employees and officials as defendants because he had not completed exhausting his administrative remedies. However, the statutory requirement that he exhaust administrative remedies, see 42 U.S.C. § 1997(e), does not permit him to seek preliminary injunctive relief without filing a complaint.

### B. Personal Jurisdiction

Further, the Court lacks personal jurisdiction over the individuals against whom Roberts asks this Court to issue a temporary restraining order. Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. See Adam v. Saenger, 303 U.S. 59, 67 (1938). But as to the defendants, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful

'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)). Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, there is no suggestion of that Officer Ellifritz, the warden of NBCI, or any of the other persons employed at NBCI have "meaningful contacts" with Massachusetts, either in general or in regards to the incidents in question, such that they would anticipate being haled into court in Massachusetts to respond to allegations concerning conditions of confinement in a Maryland prison. In the absence of such "meaningful contacts," the Court lacks personal jurisdiction over the persons against whom Roberts seeks relief.[1]

**C.  Venue**

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979). "[T]he venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." Atlantic

---

[1] Roberts's status as a Massachusetts prisoner serving his sentence in Maryland does not alter the personal jurisdiction calculus. Roberts cites Hannon v. Beard, 524 F.3d 275 (1st Cir. 2008), in support of his argument that jurisdiction exists in the District of Massachusetts. In Hannon, the First Circuit held that personal jurisdiction existed in the District of Massachusetts over the Secretary of the Pennsylvania Department of Correction. Hannon's underlying claim was that the Secretary had him transferred to Massachusetts in retaliation for Hannon's lawsuits against Pennsylvania DOC officers. The First Circuit concluded that the Secretary had "transacted business" with Massachusetts in arranging the alleged retaliatory transfer. In contrast, Roberts does not allege that those employed at NBCI had meaningful contacts with Massachusetts in regards to their alleged misconduct.

4

Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, ––– U.S. ––––, 134 S.Ct. 568, 578 (2013).

> The general venue statute provides that a civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a <u>substantial part of the events or omissions giving rise to the claim occurred</u>, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> 28 U.S.C. § 1391(b) (emphases added).

Because the defendants—actual and potential—do not reside in this District, venue lies in a judicial district where a substantial part of the events or omissions giving rise to this action arose. The District of Massachusetts does not meet that requirement. Although Roberts states that a Massachusetts bank issued the check that was sent to and cashed by Marcus, his claims are against Marcus (Wisconsin) and individuals working at NBCI (Maryland).

### D. Dismissal of the Action

Because the Court lacks personal jurisdiction over the defendants and venue is improper in this District, Roberts cannot pursue his action in this Court. Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under the circumstances, it is not in the interest of justice to transfer this case. Roberts has not filed a complaint and concedes he needs to exhaust as to portions of his claims. Further, it is unclear in which district personal jurisdiction over the NBCI employees <u>and</u> Marcus would exist.

### III. Conclusion

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and improper venue.

SO ORDERED.

                                                    /s/ Leo T. Sorokin  
                                                    UNITED STATES DISTRICT JUDGE